UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERNEST GAUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:25-CV-885 |
| | ) | |
| NEWFIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.     Statement of the Case.**

Plaintiff Ernest Gause (herein "Gause"), by counsel, brings his Complaint against Defendant, Newfields for its violations of Title VII of the Civil Rights Act 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") Indiana's Whistleblowing statute, Ind. Code §22-5-3-3, and Indiana common law.

**II.     Parties.**

1. Gause is a resident of Ohio who performed work for Newfields in Indianapolis, Indiana.

2. Newfields is a non-profit organization that conducts business in Indianapolis, Indiana.

1

### III.    Jurisdiction and Venue.

3.   Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 42 U.S.C. §1981, 42 U.S.C. § 2000, 28 U.S.C. § 1343(3) and (4), and 28 U.S.C. § 1367.

4.   Gause was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 203(e).

5.   Newfields is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 203(d).

6.   Gause satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  Gause received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

7.   All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division, therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.    Factual Allegations.

8.   On or about February 15, 2022, Gause began working for Newfields.

9.   Gause is African American.

10. Newfields has struggled with well-documented systematic equity issues resulting in a history of racial discrimination and institutional resistance to racial equality, equity, and inclusion.

11. Newfields hired Gause to be its Chief People Officer (CPO). In or about March 2024, Newfields promoted Gause and added Chief Diversity Officer (CDO) and Chief Technology Officer (CTO) to his title along with all the responsibilities that go along with the roles.

12. Throughout his employment with Newfields, Gause met or exceeded all of its legitimate employment expectations.

13. At the time Gause was hired, Newfields' Chief Financial Officer and Head of IT, Jerry Wise was its interim CEO.

14. Gause learned that Wise was hesitant to hire him because of his salary requirement and that he shared with Gause's colleagues his salary information prior to his hire. Upon information and belief, Wise did not treat similarly situated non-Black C-suite employees in the same way.

15. Upon beginning his employment at Newfields, Gause was regularly excluded from meetings and communications and his ideas and contributions were often ignored or dismissed.

16. Gause raised his concerns about disparate and discriminatory treatment to Board Chairperson Darianne Christian. Gause's complaints constitute statutorily protected conduct.

17. Thereafter, Dr. Colette Pierce Burnette took over the role of permanent CEO at Newfields. Burnette, like Wise, subjected to Gause to disparate treatment often ignoring his contributions and interfering with his ability to do his job.

18. During the time Gause reported to Burnette, he complained that her executive assistant Carol Oetting was not receiving reimbursement for expenses Burnette knew Oetting had personally incurred on behalf of Newfields. He also complained that Oetting was not receiving pay for work that she performed during her employment at Newfields and following her separation. Burnette dismissed Gause's complaints and rationalized not paying Oetting because "she [Oetting] has a servant's heart." Gause escalated his complaints about Newfields unlawfully failing to pay Oetting as required by the FLSA to the Board. Gause's complaints constitute statutorily protected conduct.

19. On or about November 2022, Newfields was advised by the Federal Bureau of Investigation (FBI) that it had system vulnerabilities that could put the organization at risk. Burnette and Wise seemingly ignored the FBI's warnings while Gause, in April 2022, attempted to get a handle on the problem by contacting Newfields' IT managed service provider and requesting that it perform an assessment

and take action to reduce risk to Newfields. Thereafter, the IT managed service provider was instructed by Burnette to have no further communication with Gause. Burnette then put the IT security assessment on hold.

20. On or about June 3, 2023, Newfields experienced a catastrophic failure of its IT system resulting in a data breach. Thereafter, Burnette and Wise did not share with Gause, other executive leaders, the Board, or Newfields' insurance provider the extent it was forewarned of the IT security risk and took several measures to fix the problem as to not tip off the Board by exceeding its threshold for financial approval.

21. Gause exposed these concealment efforts to the Board, including providing copies of the contracts. Gause's communications to the Board constitute statutorily protected conduct.

22. One of Gause's responsibilities as CDO was to develop and deliver DEIA training. Burnette refused to take the mandatory DEIA training. She was the only employee who refused to participate.

23. Gause approached Burnette about what he perceived to be race-based pay inequities between himself and other C-suite executives with similar responsibilities. Gause also complained on behalf of other employees about perceived pay disparities. Gause's complaints constitute statutorily protected conduct.

24.     Following Gause's complaint, Burnette took away his CDO responsibilities. Gause complained to the Board that Burnette's actions were retaliatory. His complaint to the Board also constitutes statutorily protected conduct.

25.     Following Burnette's departure, Gause reported to interim CEO Mike Kubacki and then permanent CEO LeMonte Booker.

26.     Gause began reporting to Booker in October 2024. Thereafter, Gause attended a meeting with Booker during which he pointed out apparent disparities between the way Newfields was handling employment matters concerning non-Black employes compared to the way it treated Black employees. Gause's complaint constitutes statutorily protected conduct.

27.     In November 2024, Gause reported a discriminatory pay practice to Booker which resulted in inequity and would likely have exposed Newfields to a claim for discrimination. Booker ignored Gause's complaint. Gause's complaint constitutes statutorily protected conduct.

28.     On January 7, 2025, Newfields terminated Gause.

29.     Following his termination, in or about February 2025, Newfields employee Laura Booker told an AFLAC insurance representative that Gause had misrepresented his authority to set up an account, that he had lied to AFLAC, and that he had engaged in fraud.

### V.   Causes of Action

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

30.   Gause hereby incorporates paragraphs 1-29 of his Complaint.

31.   Gause is African American.

32.   Gause was subjected to disparate treatment because of his race, including but not limited to disparate pay and application of Newfields' employment policies, as well as harassment.

33.   Gause was terminated because of his race.

34.   Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful discrimination.

35.   Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by Title VII.

36.   Gause has been damaged as a result of Newfields' discriminatory actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

**COUNT II – RACE DISCRIMINATION IN VIOLATION OF SECTION 1981**

37.   Gause hereby incorporates paragraphs 1-36 of his Complaint.

38.   Gause is African American.

39. Gause was subjected to disparate treatment because of his race, including but not limited to disparate pay and application of Newfields' employment policies, as well as harassment.

40. Gause was terminated because of his race.

41. Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful discrimination.

42. Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by Section 1981.

43. Gause has been damaged as a result of Newfields' discriminatory actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

44. Gause hereby incorporates paragraphs 1-43 of his Complaint.

45. Gause engaged in statutorily protected conduct when he complained about race discrimination on behalf of himself and others.

46. Gause was subjected to disparate treatment because of his complaints, including but not limited to disparate pay and application of Newfields' employment policies, as well as harassment.

47. Gause was terminated in retaliation for engaging in statutorily protected conduct.

48. Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful retaliation.

49. Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by Title VII.

50. Gause has been damaged as a result of Newfields' retaliatory actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## COUNT IV – RETALIATION IN VIOLATION OF SECTION 1981

51. Gause hereby incorporates paragraphs 1-50 of his Complaint.

52. Gause engaged in statutorily protected conduct when he complained about race discrimination on behalf of himself and others.

53. Gause was subjected to disparate treatment because of his complaints, including but not limited to disparate pay and application of Newfields' employment policies, as well as harassment.

54. Gause was terminated in retaliation for engaging in statutorily protected conduct.

55. Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful retaliation.

56. Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by Section 1981.

57. Gause has been damaged as a result of Newfields' retaliatory actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## COUNT V – FLSA RETALIATION

58. Gause hereby incorporates paragraphs 1-57 of his Complaint.

59. Gause engaged in statutorily protected conduct when he complained about FLSA violations to Newfields and its Board.

60. Gause was terminated in retaliation for engaging in statutorily protected conduct.

61. Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful retaliation.

62. Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by FLSA.

63. Gause has been damaged as a result of Newfields' retaliatory actions.

## COUNT VI – VIOLATIONS OF INDIANA'S WHISTLEBLOWER STATUTE

64. Gause hereby incorporates paragraphs 1-63 of his Complaint.

65. Newfields is a private employer that is under public contract as those terms are describes in Ind Code 22-5-3-3.

66. During his time at Newfields, reported violations of federal law, including but not limited to, violations of Section 1981, Title VII, and FLSA.

67. Gause was terminated in retaliation for his reports.

68. Any and all reasons proffered by Newfields for Gause's termination are pretext for unlawful retaliation.

69. Newfields' unlawful actions were intentional, willful, and done in reckless disregard of Gause's rights as protected by Indiana Code 22-5-3-3.

70. Gause has been damaged as a result of Newfields' retaliatory actions.

### COUNTS VII AND VII – DEFAMATION AND DEFAMATION *PER SE*

71. Gause hereby incorporates paragraphs 1-70 of his Complaint.

72. Newfields provided false information to a third party, AFLAC, about Gause. At the time Newfields made the statements, they were known to be false.

73. Newfields statements were neither privileged nor authorized.

74. Gause has been damaged as a result of Newfields' defamatory remarks.

75. The defamatory statements were inherently damaging to Gause's reputation, and therefore, constitute defamation *per se*.

### VI. Requested Relief

WHEREFORE, Gause, Ernest Gause respectfully requests that this Court find for him and order that:

1. Newfields reinstate Gause;

2. Newfields pay lost wages and benefits to Gause;

3. Newfields pay compensatory damages to Gause;

4. Newfields pay punitive damages to Gause;

5. Newfields pay liquidated damages to Gause;

6. Newfields pay pre- and post-judgment interest to Gause;

7. Newfields pay Gause's attorneys' fees and costs incurred in litigating this action; and

8. Newfields pay to Gause any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

/s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)

CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Avenue
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: meghan@clcattorneys.com

Counsel for Plaintiff Ernest Gause

## DEMAND FOR JURY TRIAL

The Plaintiff, Ernest Gause, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

>Respectfully submitted,
>
>/s/ Meghan U. Lehner
>Meghan U. Lehner (25899-49)
>
>CLEVELAND LEHNER CASSIDY
>1901 Broad Ripple Avenue
>Indianapolis, IN 46220
>Tel: 317-388-5424
>Fax: 317-947-1863
>Email: meghan@clcattorneys.com
>
>Counsel for Plaintiff Ernest Gause